

RECEIVED
IN MONROE, LA
SEP 10 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. No. 07-30015-01/02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARIEA I. DAVIS AND EMILY ANN GARDNER | MAG. JUDGE KAREN L. HAYES |

### RULING

On August 29, 2007, the Government filed a Notice of Intent to Introduce 404(b) Evidence. [Doc. No. 31]. The notice indicated the Government planned to introduce evidence that a small amount of marijuana was found in the center console of the car Defendants were traveling in. On September 6, 2007, Defendant Mariea I. Davis filed an objection to the admission of this evidence. [Doc. No. 35]. On September 8, 2007, Defendant Emily Ann Gardner joined in that motion. [Doc. No. 36].

For the following reasons, the Court finds that the Government is entitled to present the evidence because it is intrinsic evidence that does not implicate Federal Rule of Evidence 404(b).

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b), however, only applies to limit the admissibility of evidence of *extrinsic acts*. United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007). Intrinsic evidence, on the other hand, is generally admissible so that the jury may evaluate

all the circumstances under which the defendant acted. Id. (quoting United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992)); see also United States v. Coleman, 78 F.3d 154, 156 (5th Cir.1996)("Intrinsic evidence does not implicate Rule 404(b), and 'consideration of its admissibility pursuant to Rule 404(b) is unnecessary.'")(quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.1994)). "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." Sumlin, 489 F.3d at 689; United States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990). Such evidence is admissible to complete the story of the crime by providing the context of events. Coleman, 78 F.3d at 156.

On April 19, 2007, Defendants were stopped by Lincoln Parish Sheriff's Deputies. When the driver, Mariea I. Davis, rolled down the car window, the arresting officer detected the odor of marijuana. Subsequently, the arresting officer found a small amount of marijuana in the car's center console. A few minutes later, during a consensual search of the vehicle's trunk, deputies discovered almost two kilograms of methamphetamine in a shoe box.

In the instant case, Defendants are charged with crimes related to the methamphetamine.[1] The Government seeks to introduce evidence at trial that marijuana was found in the center console of the vehicle. The Court finds that the Government may present evidence about the marijuana because such evidence is intrinsic to the crimes charged. The marijuana and the methamphetamine were found in the car during the course of the same stop, and the odor from the marijuana provided an impetus for the officer's later actions. Thus,

---

[1] Defendants have pending charges in state court related to the marijuana.

2

evidence of Defendants possession of marijuana is admissible as intrinsic evidence because it was preliminary to the crime charged and inextricably intertwined with the methamphetamine charges.

For the reasons stated, the Court concludes that evidence of Defendants' possession of marijuana in the car in which they were traveling is admissible. Defendants' objection is overruled.

MONROE, LOUISIANA, this __10__ day of __September__ 2007.

_____
ROBERT G. JAMES
U.S. DISTRICT JUDGE