IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | * | **CRIMINAL NO. 07-30015** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MARIEA I. DAVIS - 01 &** <br> **EMILY ANN GARDNER - 02** | * | **MAGISTRATE JUDGE** <br> **KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, are motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by petitioners Mariea Davis ("Davis") and Emily Ann Gardner ("Gardner").  Docs. # 67, 71.  For reasons set forth below, the motions are **DENIED.**

## BACKGROUND

On April 19, 2007, Davis and Gardner, who are sisters, were traveling eastbound on I-20 when they were pulled over by a deputy in the Lincoln Parish Sheriff's Department.  After petitioners consented to a search of the vehicle, the deputy found approximately $400,000 worth of methamphetamine in the trunk.  *United States v. Davis*, 308 Fed. Appx. 756, 757 (5th Cir. 2009).  On September 11, 2007, petitioners were convicted for conspiracy to possess with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a) and 846 and for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a).  On January 26, 2009, the Fifth Circuit Court of Appeals affirmed the petitioners' convictions.  *United States v. Davis*, 308 Fed. Appx. 756 (5th Cir. 2009).

Petitioners, who are proceeding *pro se*, filed the instant motions on December 23, 2009.

In their memorandum in support of their motions, they raise the following grounds for relief: (a) the evidence before the trial court was insufficient to support their convictions; (b) the indictment was inadequate because it did not put petitioners on notice of the possibility that the government would introduce at trial the marijuana that the deputy also found in petitioners' vehicle; (c) the crime for which they were ultimately convicted was not mentioned in their indictment; and (d) they were denied the effective assistance of counsel at their sentencing hearing when their attorneys failed to question the concentration of the methamphetamine that was found in their car. Doc. # 78.

## LAW AND ANALYSIS

### A. 28 U.S.C. § 2255

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

### B. Sufficiency of the Evidence

The first section of petitioners' memorandum is entitled "Violation of My Sixth Amendment Rights." Doc. # 78 at 6. In this section, petitioners contend that "the government

2

failed to prove beyond a reasonable doubt that we conspired in this offense or even had any knowledge that the drugs were in the car." *Id.* Petitioners further argue that the government did not prove that petitioners "knowingly" possessed methamphetamine with the intent to distribute it as required by 21 U.S.C. § 841(a). *Id.* This section of the memorandum is thus logically construed as challenging the sufficiency of the evidence supporting petitioners' convictions.

The last section of petitioners' memorandum, which is entitled "Violation of Sentencing Guidelines - Failure to Determine My Individualized," is also logically construed as a sufficiency of the evidence argument. In this section, petitioners assert that they "were convicted of an offense in which there was no evidence to link [them to] the drugs that were found in the trunk of the car." *Id.* Petitioners conclude by arguing that "there was not enough evidence to prove beyond a reasonable doubt that we were knowingly, intentionally, conspiring to distribute the methamphetamine in the trunk of the car." *Id.*

Petitioners challenged the sufficiency of the evidence supporting their conviction in their direct appeal. The Fifth Circuit considered all the evidence that the government presented in its case in chief, and concluded that it was sufficient to support the convictions. *United States v. Davis*, 308 Fed. Appx. at 757-58.

"Issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979). As petitioners' sufficiency of the evidence argument was fully litigated in their direct appeal, this court may not consider it.

### C. Inadequate Indictment

Count 1 of petitioners' indictment states that petitioners "did knowingly and intentionally conspire and agree together to possess with the intent to distribute 50 grams and more of methamphetamine of 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation [21 U.S.C. §§ 841(a)(1) and 846]." Doc. # 1 at 1.

Count 2 of the indictment states that petitioners "did knowingly and intentionally possess with the intent to distribute 50 grams and more of methamphetamine or 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of [21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2]." *Id.* at 2.

At trial, the deputy who searched petitioners' vehicle testified that he found a small amount of marijuana in the vehicle's middle console. R., 34. Petitioners argue in the section of their memorandum entitled "Faulty Indictment" that the indictment was inadequate because it "did not mention anything about the marijuana found in the car," and yet testimony about the marijuana "was used against [them] at trial and in our sentencing." Doc. # 78 at 8-9. Petitioners seem to contend that their indictment was inadequate because it did not put them on notice of the possibility that the government would introduce evidence about the petitioners' possession of a drug other than methamphetamine.

Under the Sixth Amendment, an indictment must "(1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Guzman-Ocampo*, 236 F.3d 233, 235 (5th Cir. 2000) (quoting *United States v.*

4

*Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996)). Similarly, Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to "state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." These requirements ensure that the defendant has notice of the charges against him and that the grand jury found probable cause that the defendant committed each element of the offense. *See Guzman-Ocampo*, 236 F.3d at 235.

The indictment charged petitioners with conspiracy to possess with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a) and 846 and for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a). Doc. # 1. Petitioners were ultimately convicted of only these two crimes. While the government introduced evidence of the petitioners' possession of marijuana at trial, neither the Sixth Amendment nor Rule 7(c) of the Federal Rules of Criminal Procedure required the indictment to put petitioners on notice of the petitioners' bad acts which the government planned to introduce at trial but for which the government did not seek convictions. Accordingly, the indictment was not inadequate because it put petitioners on notice of the crimes for which they were ultimately convicted.

To the extent that petitioners' argument contests the introduction of the deputy's testimony about the marijuana from an evidentiary perspective, it also fails. Petitioners raised this argument in their direct appeal. The Fifth Circuit Court of Appeals explicitly found that the trial court correctly ruled that the deputy's testimony about the marijuana was intrinsic evidence and therefore not barred by Rule 404(b) of the Federal Rules of Evidence. *United States v. Davis*, 308 Fed. Appx. at 757-58. Accordingly, this court need not reach this issue, as it has

already been fully litigated in the petitioners' direct appeal.  *United States v. Kalish*, 780 F.2d at 508.

### D. Inconsistency between Indictment and Jury Instructions

Petitioners' next claim is that their indictment was faulty in that it did not reference the crime for which they were ultimately convicted.  Petitioners specifically contend that their indictment stated that they were charged with methamphetamine-related crimes, but then "the government went to the court to change the offense from methamphetamine to any controlled substance."  Doc. # 78 at 9.  Petitioners seem to be referring to the jury instructions, which they claim allowed the jury to convict them under 21 U.S.C. §§ 841(a) and 846 if it found that they possessed with the intent to distribute any "controlled substance."  *Id.* at 9-10.

This argument lacks a factual basis.  Count 1 of the jury instructions specifically states that for the jury to find the petitioners guilty under the Count, "they must find that the overall scope of the conspiracy involved at least 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine."  Doc. # 45 at 9.  Count 2 of the jury instructions similarly requires the jury to find that "the offense of possession with the intent to distribute methamphetamine was committed by some person" in order to find the petitioners guilty under the Count.  *Id.* at 14.  Accordingly, petitioners' contention that the government obtained a conviction against them that was inconsistent with the indictment lacks any merit.

Furthermore, even if the government obtained convictions against petitioners based on a jury's finding that petitioners possessed with the intent to distribute a mere "controlled substance," the convictions would still be valid.  The Fifth Circuit has recognized that to obtain a

conviction under sections 841(a) or 846, "the government is not required to prove that a defendant knew the exact nature of the substance with which he was dealing; it is sufficient that he was aware that he possessed some controlled substance." *See United States v. Gonzalez*, 700 F.2d 196, 200 (5th Cir. 1983).

### E. Ineffective Assistance of Counsel at Sentencing

Petitioners' final substantive claim relates to the discrepancy in sentencing for defendants convicted of l-methamphetamine crimes and defendants convicted of all other methamphetamine crimes. *See United States v. Acklen*, 907 F. Supp. 219, 222 (W.D. La. 1995) (Stagg, J.) ("Because l-methamphetamine is 'grossly different' from other forms of methamphetamine, in that l-methamphetamine 'produces little or no physiological effect when ingested,' the [Sentencing] Guidelines Drug Equivalency Tables treat it far less severely.") (citations omitted). Petitioners assert, "In our case, there was not . . . mentioned as to the type of methamphetamine we were being charged nor was it mentioned in the Sentencing Hearing." Doc. # 78 at 11. In light of the "irrelevance" of the distinction between l-methamphetamine and all other types of methamphetamine for purposes of conviction, *United States v. Acklen*, 907 F. Supp. at 222, this court will construe petitioners' argument as contending that they were denied the effective assistance of counsel at the sentencing hearing.

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

To prove deficient performance, the defendant must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. There is a strong presumption that counsel performed adequately and exercised reasonable professional judgment. *Virgil v. Dretke*, 446 F.3d 598, 608 (5th Cir. 2006). Furthermore, "a conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."

To prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693-94. Finally, prejudice exists only if the defendant demonstrates that he would have received less jail time. *Glover v. United States*, 531 U.S. 198, 203 (2001).

Petitioners' claim fails both prongs of the ineffective assistance of counsel test. The claim fails the first prong because the attorneys representing petitioners at the sentencing hearing each objected to the government's estimate of the concentration of the methamphetamine that was attributed to petitioners. Both attorneys' performance at the sentencing hearing was thus sufficiently competent. Sentencing Transcript, 3, 6. The claim fails the second prong because

the government established at trial that the methamphetamine attributed to petitioners was indeed not l-methamphetamine, and thus petitioners could not have been prejudiced because they were not entitled to the sentencing reduction that is often applied to defendants convicted of l-methamphetamine crimes. R., 128-29; Sentencing Transcript, 33.

**F. Petitioners Other Claims**

Petitioners' memorandum includes two additional ineffective assistance of counsel claims that are embedded within their other claims. At the beginning of the memorandum, petitioners state, "We were not represented in the manner in which we could have been proven beyond a reasonable doubt that we were [guilty]. . . . Our defense attorney neither the government investigated the information that we provided during interrogation." Doc. # 78 at 6-7. Later in the memorandum, petitioners state, "The defense attorneys were not able to prepare [a] proper defense for neither of us. Therefore, that brings about an issue of whether we were given proper representation by both of the defense attorneys." *Id.* at 8-9.

As previously stated, to prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington*, 466 U.S. at 686-87. The defendant must overcome a "preponderance of the evidence" burden of proof as to both prongs. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992).

Petitioners have not pointed to any evidence, either in their habeas petition or their memorandum, to support their generalized assertions that they were denied the effective assistance of counsel at trial. Accordingly, petitioners failed to carry their burden of proof on

9

these two *Strickland* claims.

## CONCLUSION

For the reasons stated above, it is recommended that petitioners' motions (Docs. # 67, 71) under 28 U.S.C. § 2255 be **DENIED**. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of March, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE