UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-30015-1 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARIEA I. DAVIS | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Downward Departure and Sentence Modification [Doc. No. 100] filed by Defendant Mariea I. Davis ("Davis").

On September 11, 2007, Davis was found guilty by a jury of her peers of one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. On February 6, 2008, the Court sentenced her to serve a term of imprisonment of 121 months on each count, to run concurrently.   [Doc. No. 50].

Davis appealed her conviction and sentence to the United States Court of Appeals for the Fifth Circuit, but, on February 19, 2009, the Fifth Circuit affirmed the judgment of this Court. [Doc. No. 66].

Davis further sought post-conviction relief pursuant to 28 U.S.C. § 2255.  Her petition was denied and dismissed by this Court on April 21, 2010.  Although she appealed the Court's judgment, her appeal was dismissed for want of prosecution on June 25, 2010.  She did not seek reinstatement of the appeal.

Now, almost five years after sentencing, Davis filed the pending motion seeking a downward departure of one year from her current term of imprisonment based on her extraordinary post-sentencing rehabilitation efforts.  The Court has no authority to grant her the relief requested.

A district court's authority to amend a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B).

Pursuant to Rule 35(a), a court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error within fourteen days of the date a defendant was sentenced. FED. R. CRIM. P. 35(a), (c). This fourteen-day time limit is jurisdictional. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997); *United States v. Lopez*, 26 F.3d 512, 518-20 (5th Cir. 1994). Here, more than fourteen days have passed since sentence was imposed, and Davis does not contend that there was an arithmetical, technical, or other clear error.[1]

The Government could also move under Rule 35(b) for the Court to reduce a defendant's sentence because of her substantial assistance to the Government. However, no such motion has been filed.

Finally, a sentence may be modified for reasons permitted under § 3582, but Davis has not asserted any such appropriate reasons.[2]

While the Court commends Davis' efforts at rehabilitation, the Court can only consider those efforts if there is some other basis for re-sentencing. Davis has cited the Court to no such authority. Accordingly,

---

[1] Likewise, Federal Rule of Criminal Procedure 36, which provides a method to correct clerical mistakes in judgments, orders or other parts of the record at any time, does not apply.

[2] For example, under § 3582(c)(2), if the "sentencing range" upon which a defendant was sentenced is "subsequently . . . lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," then "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In this case, the "range" upon which his sentence was based was, again, a statutory mandatory minimum, not a recommended Guidelines range.

IT IS ORDERED that Davis's Motion for Downward Departure and Sentence Modification [Doc. No. 100] is DENIED.

MONROE, LOUISIANA, this 4th day of February, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE